# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
March 4, 2015 Session

## TIMOTHY DAVIS EX REL. KATHERINE MICHELLE DAVIS v. MICHAEL IBACH, MD, ET AL.

**Appeal by Permission from the Court of Appeals, Western Section
Circuit Court for Dyer County
No. 09-CV-65     William B. Acree, Judge**

_____

**No. W2013-02514-SC-R11-CV – Filed May 29, 2015**

_____

The Plaintiff filed a medical malpractice action against the Defendants. Following the Defendants' motions to dismiss the action, asserting that the certificate of good faith was noncompliant with the requirement in Tennessee Code Annotated section 29-26-122(d)(4) (Supp. 2008), the trial court granted the Plaintiff's request to voluntarily dismiss the action. The Defendants appealed, and the Court of Appeals affirmed the order of the trial court. We granted review to determine whether the requirement of Tennessee Code Annotated section 29-26-122(d)(4) that a certificate of good faith filed in a medical malpractice action disclose the number of prior violations of the statute by the executing party also requires disclosure of the absence of any prior violations of the statute. We hold that it does not. Accordingly, the judgment of the Court of Appeals is affirmed.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the court, in which SHARON G. LEE, C.J., CORNELIA A. CLARK, and GARY R. WADE, JJ., joined. HOLLY KIRBY, J., not participating.

Charles M. Agee, Jr., and W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for the appellee, Timothy Davis, as surviving spouse and next of kin of Katherine Michelle Davis, deceased.

Timothy G. Wehner and Ashley D. Cleek, Jackson, Tennessee, for the appellant, Michael Ibach, MD.

Robert A. Talley and Jennifer S. Harrison, Memphis, Tennessee, and Hubert B. Jones, Dyersburg, Tennessee, for the appellant, Martinson Ansah, MD.

**OPINION**

**Factual and Procedural Background**

Katherine Michelle Davis, the wife of Timothy Davis ("the Plaintiff"), died on November 28, 2008, as a result of complications from a surgical procedure she underwent three days prior. The Plaintiff filed a medical malpractice complaint in the Dyer County Circuit Court on May 18, 2009, against Mrs. Davis' treating physicians, Drs. Michael Ibach and Martinson Ansah ("the Defendants"),[1] for the wrongful death of his wife. On September 21, 2009, the Plaintiff filed a certificate of good faith pursuant to Tennessee Code Annotated section 29-26-122 of the Tennessee Medical Malpractice Act.[2] Tenn. Code Ann. § 29-26-122(a) (Supp. 2008).

In May 2013, the Defendants separately filed motions to dismiss the Plaintiff's cause of action for failure to comply with section 29-26-122(d)(4) because the Plaintiff's certificate of good faith "d[id] not list the number of prior violations of plaintiff's counsel." See id. § 29-16-122(d)(4) ("A certificate of good faith shall disclose the number of prior violations of this section by the executing party."). It is undisputed that the certificate of good faith filed by the Plaintiff did not include any statement regarding the executing party's number of prior violations of the statute.

Before the trial court ruled on the Defendants' motions to dismiss, the Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. The Defendants filed a joint response in opposition to dismissal without prejudice, arguing that, because the certificate of good faith was not compliant with section 29-26-122(d)(4), the trial court was required to dismiss the action *with* prejudice. See id. § 29-26-122(c) ("The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice."). Following a telephonic hearing, the trial court issued an order granting the Plaintiff's request for voluntary dismissal without prejudice. Regarding the issue of disclosure of prior violations, the trial court reasoned,

> The statute requires that the certificate shall disclose the number of prior violations of the section by the executing party which is plaintiff's counsel.

---

[1] The Plaintiff also named Dr. Derek Mullinix and Dyersburg Regional Medical Center in the original complaint. However, those parties are not involved in the instant appeal.

[2] In 2012, the General Assembly amended the Tennessee Medical Malpractice Act to replace the term "medical malpractice" with the term "health care liability." See Act of Apr. 23, 2012, ch. 798, 2012 Tenn. Pub. Acts. For the purpose of this appeal, we will use the former term, which was in effect at the time the instant complaint was filed.

The record reflects that there were no prior violations by plaintiff's counsel. Accordingly, if there are no prior violations, there is nothing to disclose. The statute does not state that zero prior violations must be disclosed.[3]

The Defendants appealed, and the Court of Appeals affirmed the trial court's order granting the Plaintiff's voluntary dismissal without prejudice. See Davis v. Ibach, No. W2013-02514-COA-R3-CV, 2014 WL 3368847, at *3-4 (Tenn. Ct. App. July 9, 2014). The Court of Appeals "assume[d] *arguendo,* without deciding, that the certificate of good faith filed by the Plaintiff in this case was noncompliant with the statute because it did not state that the executing party had 'zero' prior violations." Id. at *2 n.8. However, the Court of Appeals affirmed the trial court on the alternative ground that, regardless of the alleged noncompliance of the certificate of good faith, the trial court had the authority to voluntarily dismiss the case without prejudice. Id. at *4 (citing Robles v. Vanderbilt Univ. Med. Ctr., No. M2010-01771-COA-R3-CV, 2011 WL 1532069 (Tenn. Ct. App. Apr. 19, 2011)). We granted the Defendants' application for permission to appeal.

## Analysis

Tennessee Code Annotated section 29-26-122 governs the requirement of plaintiffs to file a certificate of good faith in medical malpractice actions in which expert testimony is required. See Tenn. Code Ann. § 29-26-122(a), (c), (d)(4).[4] Section 29-26-122(d)(4) states, "A certificate of good faith shall disclose the number of prior violations of this section by the executing party." In the instant case, it is undisputed that the Plaintiff's certificate of good faith is silent as to the number of prior violations of the statute. Therefore, the Defendants assert that the Plaintiff failed to comply with the strict statutory requirement of section 29-26-122(d)(4) that the certificate of good faith "shall disclose the number of prior violations of this section by the executing party."

Conversely, the Plaintiff, noting that neither the Plaintiff nor Plaintiff's counsel in fact had committed any prior violations of the statute,[5] asserts that "nothing in [section 29-26-122(d)(4)] states that a plaintiff's counsel must disclose the absence of any prior violations of the statute; instead, the words speak to the number of prior violations: if no such violations exist, then nothing exists to be disclosed." Thus, we must determine

---

[3] The trial court also resolved the matter on alternative grounds which we need not address for reasons stated subsequently herein.

[4] Although parts of section 29-26-122 have been amended since the Plaintiff filed the complaint, the language in the current version of section -122(d)(4) is identical to the version in effect at the time the complaint was filed. See Tenn. Code Ann. § 29-26-122 (2012 & Supp. 2013).

[5] Indeed, in its order granting the Plaintiff's voluntary dismissal without prejudice, the trial court found that the Plaintiff in fact had no prior violations of the statute. The Plaintiff asserted the same in his briefs on appeal before the Court of Appeals and this Court, and there is nothing in the record to lead this Court to conclude otherwise.

whether the failure to indicate the *absence* of any prior violations of the statute constitutes a failure to comply with the requirement of section 29-26-122(d)(4).

Issues of statutory construction present questions of law which we review de novo, with no presumption of correctness. See Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC, 433 S.W.3d 512, 516-17 (Tenn. 2014); Pratcher v. Methodist Healthcare Memphis Hosps., 407 S.W.3d 727, 734 (Tenn. 2013). The role of this Court in statutory interpretation is to assign a statute the full effect of the legislative intent without restricting or expanding the intended scope of the statute. See Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 527 (Tenn. 2010); Larson-Ball v. Bell, 301 S.W.3d 228, 232 (Tenn. 2010). In doing so, we first must look to the text of the statute and give the words of the statute "their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." Mills v. Fulmarque, Inc., 360 S.W.3d 362, 368 (Tenn. 2012) (citing Lee Med., Inc., 312 S.W.3d at 526; Hayes v. Gibson Cnty., 288 S.W.3d 334, 337 (Tenn. 2009); Waldschmidt v. Reassure Am. Life Ins. Co., 271 S.W.3d 173, 176 (Tenn. 2008)). Therefore, when the language of a statute is clear and unambiguous, we need look no further than the plain and ordinary meaning of the statutory language. See Mills, 360 S.W.3d at 368. That is, "we presume that every word in the statute has meaning and purpose and should be given full effect if the obvious intent of the General Assembly is not violated by so doing." Larson-Ball, 301 S.W.3d at 232.

In Vaughn ex rel. Vaughn v. Mountain States Health Alliance, the Court of Appeals considered the issue at question in the instant case and held that a plaintiff's certificate of good faith is noncompliant with section 29-26-122(d)(4) and therefore requires dismissal with prejudice when the plaintiff fails to disclose the absence of prior violations. Vaughn ex rel. Vaughn v. Mountain States Health Alliance, No. E2012-01042-COA-R3-CV, 2013 WL 817032, at *7 (Tenn. Ct. App. Mar. 5, 2013), ("Nowhere in the body of the certificate does it disclose the number of prior violations, if any, of the party executing the certificate. If there have not been any prior violations, [the plaintiff's] counsel should have disclosed the number '0' on his certificate.") perm. app. denied (Tenn. May 15, 2014);[6] see also Stovall v. UHS Lakeside, LLC, No. W2013-01504-COA-R9-CV, 2014 WL 2155345, at *1, *5 (Tenn. Ct. App. Apr. 22, 2014) (inferring that the plaintiffs failed to strictly comply with section 29-26-122(d)(4) when they failed to disclose the number of prior violations but resolving the case on other grounds); Caldwell v. Vanderbilt Univ., No. M2012-00328-COA-R3-CV, 2013 WL 655239, at *6 (Tenn. Ct. App. Feb. 20, 2013) (holding that the plaintiff's certificate was

---

[6] This Court's order denying permission to appeal in Vaughn was based upon the plaintiff's violation of the pre-suit notice requirements of Tennessee Code Annotated section 29-26-121. As a result, the issue of whether the plaintiff had filed a certificate of good faith in compliance with section 122(d)(4) was pretermitted.

noncompliant with section 29-26-122(d)(4) when it failed to disclose the number of prior violations but not expressly addressing whether any violations existed).

We disagree with these holdings of the Court of Appeals and conclude that this interpretation of the requirement of Tennessee Code Annotated section 29-26-122(d)(4) is inconsistent with a fair reading of the language of the statute. On its face, the plain language of the statute requires disclosure of "*the number of prior violations* of this section by the executing party." Tenn. Code Ann. § 29-26-122(d)(4) (emphasis added). It does not require disclosure of whether or not there have been any prior violations. The General Assembly easily could have worded the statute to instruct a party to disclose whether or not there have been any prior violations and, if so, the number of such prior violations. It did not do so. Logically, if there have not been any prior violations, there is no "number of prior violations" to disclose. Therefore, we conclude that the requirement of Tennessee Code Annotated section 29-26-122(d)(4) that a certificate of good faith disclose the number of prior violations of the statute does not require disclosure of the *absence* of any prior violations of the statute.[7]

## Conclusion

Because there were no prior violations to disclose, the certificate of good faith filed by the Plaintiff in the instant case did not violate section 29-26-122(d)(4), and nothing in the statute prevented the trial court from granting the Plaintiff's request for voluntary dismissal without prejudice. Therefore, we affirm the judgment of the Court of Appeals, albeit on different grounds. Because this issue is dispositive, we need not address the other issues raised by either party. Costs of this appeal are taxed to the Defendants, for which execution may issue if necessary.

_____
JEFFREY S. BIVINS, JUSTICE

---

[7] We also expressly overrule <u>Vaughn</u>, 2013 WL 817032, and any other Court of Appeals' decisions on this issue to the extent that they are inconsistent with this opinion.