# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 21, 2016 Session

## DALLAS K. HURLEY, JR. v. RYAN B. PICKENS, M.D., ET AL.

### Appeal from the Circuit Court for Knox County
### No. 2-262-15    William T. Ailor, Judge

### No. E2015-02089-COA-R3-CV-FILED-SEPTEMBER 29, 2016

Dallas K. Hurley, Jr. ("Plaintiff") sued Ryan B. Pickens, M.D. and University Urology, P.C. ("Defendants") alleging claims for health care liability. Defendants filed a motion to dismiss. While the motion to dismiss was pending, Plaintiff filed a notice of and motion for voluntary dismissal pursuant to Tenn. R. Civ. P. 41. The Circuit Court for Knox County ("the Trial Court") granted Plaintiff a voluntary dismissal without prejudice. Defendants appeal to this Court raising issues regarding whether Plaintiff had the right to take a voluntary dismissal without prejudice when a motion to dismiss was pending and whether Plaintiff failed to comply with Tenn. Code Ann. § 29-26-122 requiring dismissal of Plaintiff's suit with prejudice. We find and hold that Plaintiff had the right to take a voluntary dismissal even while a motion to dismiss was pending. Our resolution of this issue renders Defendants' second issue moot. We, therefore, affirm the Trial Court's order granting Plaintiff a voluntary dismissal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
### Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Edward G. White, II and Joshua J. Bond, Knoxville, Tennessee, for the appellants, Ryan B. Pickens, M.D., and University Urology, P.C.

D. Scott Hurley and Ryan N. Shamblin, Knoxville, Tennessee, for the appellee, Dallas K. Hurley, Jr.

# OPINION

## Background

Plaintiff filed the instant suit and a Certificate of Good Faith in May of 2015. The Certificate of Good Faith disclosed zero prior violations of Tenn. Code Ann. § 29-26-122, but did not state whether Plaintiff's counsel had consulted with an expert competent under Tenn. Code Ann. § 29-26-115 to express opinions in this case.

Defendants answered Plaintiff's complaint and filed a motion to dismiss. Defendants' motion to dismiss alleged that Plaintiff had failed to comply with Tenn. Code Ann. § 29-26-121(a)(4) by failing to file an affidavit with regard to the mailing of pre-suit notice and that Plaintiff also failed to comply with Tenn. Code Ann. § 29-26-122 due to the allegedly deficient Certificate of Good Faith.

Plaintiff responded to the motion to dismiss and filed a "Notice of Filing of Corrected/Amended Certificate of Good Faith and Corrected/Amended Affidavit of Mailing" and a motion for extension of time in which to file a corrected Certificate of Good Faith, or in the alternative, for leave to amend the Certificate of Good Faith. Plaintiff also filed a motion for and notice of voluntary dismissal without prejudice pursuant to Tenn. R. Civ. P. 41.

A hearing was set on the pending motions. At the hearing, but prior to any argument on Defendants' motion to dismiss, Plaintiff announced that he wanted to take a voluntary dismissal pursuant to Tenn. R. Civ. P. 41. The Trial Court heard argument on the issue of whether Plaintiff could take a voluntary dismissal without prejudice when a motion to dismiss was pending. The Trial Court then entered its order on October 16, 2015 allowing and granting Plaintiff a voluntary dismissal without prejudice pursuant to Tenn. R. Civ. P. 41.01. Because the Trial Court allowed Plaintiff to take a voluntary dismissal, the Trial Court did not address any of the other pending motions. Defendants appeal to this Court.

## Discussion

Although not stated exactly as such, Defendants raise two issues on appeal: 1) whether the Trial Court erred in allowing Plaintiff to take a voluntary dismissal without prejudice when a motion to dismiss was pending; and, 2) whether Plaintiff failed to comply with Tenn. Code Ann. § 29-26-122 requiring dismissal of Plaintiff's suit with prejudice.

2

We first will address whether the Trial Court erred in allowing Plaintiff to take a voluntary dismissal without prejudice when a motion to dismiss was pending. This issue involves interpretation of Tenn. R. Civ. P. 41.01. "Interpretation of the Tennessee Rules of Civil Procedure is a question of law," which we review de novo with no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004).

Defendants assert that the Trial Court erred by allowing Plaintiff to take a voluntary dismissal over objection when their motion to dismiss was pending. They base this assertion, in large part, on Tenn. Code Ann. § 29-26-122, which provides, in pertinent part:

> (a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. . . .

> * * *

> (c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . . The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

Tenn. Code Ann. § 29-26-122 (2012).

In their brief on appeal, Defendants rely heavily on the "failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice" language of the statute to argue that Plaintiff's suit should not have been voluntarily dismissed without prejudice. In the case now before us, Plaintiff filed a Certificate of Good Faith with his complaint, but the certificate allegedly was deficient due to failure to comply with Tenn. Code Ann. § 29-26-122(a) with regard to the contents of the certificate.

Plaintiff asserts that he had an absolute right to take a voluntary dismissal pursuant to Tenn. R. Civ. P. 41.01, which provides, as pertinent:

3

Subject to the provisions of Rule 23.05, Rule 23.06 or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, . . . ; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. . . .

Tenn. R. Civ. P. 41.01(1).

This Court already has addressed the issue of whether a plaintiff in a health care liability action may take a voluntary dismissal when a motion to dismiss is pending in *Robles v. Vanderbilt Univ. Med. Cntr.* wherein we stated:

Defendants contend that the trial court's action in allowing plaintiff to voluntarily dismiss the action without prejudice is contrary to the statutory mandate; their argument is premised on the contention that the complaint was "due to be dismissed with prejudice" due to the failure of plaintiff to file the certificate of good faith with the complaint. We do not, however, construe Tenn. Code Ann. § 29–26–122 as imposing an exception or limitation on the right of a plaintiff to voluntarily dismiss an action without prejudice under Rule 41.01.

Tenn. R. Civ. P. 41 grants a plaintiff an absolute right to voluntarily dismiss an action, without prejudice to its refiling; the right, however, is "[s]ubject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute . . . ." Tenn. R. Civ. P. 41.01. This rule embodies the policy of Tennessee jurisprudence that the right of the plaintiff to dismiss the action without prejudice is "free and unrestricted" except in limited and well-defined circumstances. *See Lacy v. Cox*, 152 S.W.3d 480, 484 (Tenn. 2004); *Stewart v. Univ. of Tenn.*, 519 S.W.2d 591, 592 (Tenn. 1974). Although the rule does not identify a particular statute to which it applies, consideration of Rules 23.05, 23.06 and 66 leads to the conclusion that exceptions to the right of a plaintiff to voluntarily dismiss an action without prejudice are limited, should result from a clear application of the rule or statute at issue, and should not be inconsistent with the fact that the right of voluntary dismissal without prejudice is "absolute." *See* 4 NANCY

4

FRAAS MACLEAN, TENNESSEE PRACTICE, Author's Cmt. 41:2 at 99 (4th ed. 2006).

Tenn. R. Civ. P. 23.05 and 23.06 are not at issue in this appeal and apply only to actions which are brought by a plaintiff in a representative capacity, where decisions as to the continued prosecution of the case may bind or otherwise affect others not named or participating as parties to the suit. Under such circumstance, the right of the plaintiff to otherwise voluntarily dismiss the action is limited by the fact that the plaintiff also pursues the action in a representative capacity. The rules require the court to make a determination that the rights of those whose rights might be affected are not jeopardized by the voluntary dismissal and that notice of the proposed dismissal be given to unrepresented parties. Rule 66 provides that an action in which a receiver has been appointed can only be dismissed by order of the court; this is consistent with the fact that, once appointed, the receiver is an officer of the court and, with respect to the property under control, acts subject to the court's instruction. *See* 4 NANCY FRAAS MACLEAN, TENNESSEE PRACTICE, Author's Cmt. 66:1 at 775–77 (4th ed. 2006). The specified rules do not address the question of whether the voluntary dismissal is with or without prejudice.

Rule 41.01, however, expressly grants a plaintiff "the right to take a voluntary nonsuit to dismiss an action *without prejudice* . . . ." (emphasis added). The only role for the court in this regard is to determine whether a suit which has been re-filed is barred under the circumstances presented in Rule 41.01(2) or to enter the order required by Rule 41.01(3). Any other dismissal is involuntary, calls for court involvement, and operates as an adjudication on the merits. *See* Tenn. R. Civ. P. 41.02–.03.

Under Tenn. Code Ann. § 29–26–122, the dismissal of the complaint mandated by subsection (a) must be "as provided in subsection (c)"; that section provides that failure to file the certificate "make[s] the action *subject to* dismissal with prejudice." (emphasis added). In both sections of the statute, the failure to file the certificate with the complaint may be excused and not result in dismissal of the action with prejudice: under (a) upon a finding that the provider has failed to provide records in accordance with the statute or upon a showing of "demonstrated extraordinary cause," and under (c) where the court is given discretion to extend the time for filing the certificate "for other good cause shown." In short, the statute allows for the late filing of a certificate; dismissal of the action with prejudice based on the fact that the certificate was not filed with the

complaint is not automatic. Nothing in the statute operates to prevent a plaintiff from exercising the right to voluntarily dismiss the action without prejudice and the trial court did not abuse its discretion in overruling defendants' motion to set aside the Order of Nonsuit.

Defendants argue that plaintiff's action in taking the nonsuit was a "blatant attempt" to avoid the dismissal of the action and that allowing the nonsuit to stand "frustrates" the intent of Tenn. Code Ann. § 29–26–122 "to discourage the filing of baseless medical malpractice lawsuits" and to "impos[e] stiff penalties on both parties and attorneys who file suit without complying with the good faith certification requirements." Rule 41.01, however, grants an absolute right to the plaintiff; the reason for the plaintiff's action is not a proper scope of inquiry for the court.

\* \* \*

While the requirements to file and prosecute a medical malpractice suit are rigorous, nothing in the legislative history or the statute itself reveals an intent that medical malpractice cases should not proceed in accordance with the rules applicable to all actions, including Tenn. R. Civ. P. 41.

*Robles v. Vanderbilt Univ. Med. Cntr.*, M2010-01771-COA-R3-CV, 2011 WL 1532069, at \*\*2-3 (Tenn. Ct. App. April 19, 2011), *Rule 11 appl. perm. appeal denied Aug. 25, 2011* (footnotes omitted). We can say it no better or clearer than this Court did in *Robles v. Vanderbilt Univ. Med. Ctr.*

Furthermore, in *Davis v. Ibach*, our Supreme Court made a statement pertinent to an analysis of the issue of whether a plaintiff may take a voluntary dismissal pursuant to Tenn. R. Civ. P. 41 when a motion to dismiss is pending. *Davis v. Ibach*, 465 S.W.3d 570 (Tenn. 2015). The *Davis* case involved facts strikingly similar to the ones in the instant case, *i.e.,* plaintiff filed a health care liability action, defendants filed motions to dismiss based upon alleged deficiencies in the certificate of good faith, before the trial court ruled on the motions to dismiss plaintiff took a voluntary dismissal pursuant to Tenn. R. Civ. P. 41, defendants appealed alleging that plaintiff did not have a right to take a voluntary dismissal when motions to dismiss were pending and that the case should have been dismissed with prejudice for failure to comply with Tenn. Code Ann. § 29-26-122. The Court of Appeals in *Davis* affirmed the trial court's holding that it had the authority to voluntarily dismiss the case without prejudice pursuant to Tenn. R. Civ. P. 41. The Supreme Court analyzed the alleged deficiencies in the certificate of good faith, found that the certificate was not deficient, and also stated:

Because there were no prior violations to disclose, the certificate of good faith filed by the Plaintiff in the instant case did not violate section 29-26-122(d)(4), and *nothing in the statute prevented the trial court from granting the Plaintiff's request for voluntary dismissal without prejudice*. Therefore, we affirm the judgment of the Court of Appeals, albeit on different grounds.

*Davis*, 465 S.W.3d at 574 (emphasis added).

We read *Davis* to state, perhaps as *obiter dictum*, that nothing in Tenn. Code Ann § 29-26-122 prevents a trial court from granting a voluntary dismissal pursuant to Tenn. R. Civ. P. 41.01 even if the defendant has a pending motion to dismiss claiming the certificate of good faith is not satisfactory. If, however, we read too much into *Davis*, what is certain is that our Supreme Court in *Davis* held only that Tenn. Code Ann. § 29-26-122 does not prevent a trial court from granting a plaintiff's request for a voluntary dismissal without prejudice if the certificate of good faith is satisfactory. *Davis* does not hold that Tenn. Code Ann. § 29-26-122 prevents a trial court from granting a plaintiff's request for voluntary dismissal without prejudice if defendant has a pending motion to dismiss based upon plaintiff's alleged violation of Tenn. Code Ann. § 29-26-122.

In the instant case, Defendants attempt to rely upon *Phillips v. Casey* in support of their argument that Plaintiff was not allowed to take a voluntary dismissal while the motion to dismiss was pending. *Phillips v. Casey*, No. E2014-01563-COA-R9-CV, 2015 WL 4454781 (Tenn. Ct. App. July 21, 2015), *no appl. perm. appeal filed*. In their brief on appeal, Defendants quote from *Phillips* wherein it states: "The General Assembly clearly expressed differing treatment for violations of sections 29-26-121 and -122, just as it did under Rule 41.01 for the case when a motion for summary judgment is pending." *Id.* at *7. Defendants have missed the point. First, the case now before us does not involve a summary judgment motion. Second, and most important, the fact that our legislature provided for differing treatment for violations of the statutory sections does not automatically lead to the conclusion that a plaintiff is precluded from taking a voluntary dismissal pursuant to Tenn. R. Civ. P. 41 while a motion to dismiss is pending.

Furthermore, Defendants completely ignore the paragraph in *Phillips* directly before the language they quote, which states:

Nothing within a plain language interpretation of Tennessee Code Annotated sections 29-26-121 or -122 supports the conclusion that a plaintiff in a health care liability action is not allowed to re-file a claim after taking a voluntary dismissal. A plain language interpretation of Rule 41.01 of the Tennessee Rules of Civil Procedure results in the same conclusion.

7

*Id.* at \*7. While the *Phillips* case addressed the issue with regard to Tenn. Code Ann. § 29-26-121 and not with regard to § 29-26-122, making the assertion about § 29-26-122 *obiter dicta*, we agree with the statement in *Phillips* that a plain language interpretation of § 29-26-122 reveals nothing preventing a plaintiff from re-filing a claim after taking a voluntary dismissal and that interpretation of Tenn. R. Civ. P. 41.01 leads to the same conclusion. As such, *Phillips* provides far more support for Plaintiff's position in this case than for Defendants'.

Having been presented with no compelling reason to depart from this Court's holding in *Robles v. Vanderbilt Univ. Med. Ctr.*, we find and hold that nothing in Tenn. Code Ann. § 29-26-122 prevented the Plaintiff from taking, and the Trial Court from granting, a voluntary dismissal without prejudice pursuant to Tenn. R. Civ. P. 41.01 while Defendants' motion to dismiss was pending. We, therefore, affirm the Trial Court's October 16, 2015 order granting Plaintiff a voluntary dismissal without prejudice. Our resolution of this issue renders Defendants' second issue moot.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Ryan B. Pickens, M.D., and University Urology, P.C., and their surety.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

8