# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 17, 2016 Session

## MYRTLE ROBINSON, ET AL. V. EDWARD TODD ROBBINS, M.D.

### Appeal from the Circuit Court for Shelby County
### No. CT-000705-15      Gina C. Higgins, Judge

_____

### No. W2016-00381-COA-R3-CV – Filed October 19, 2016

_____

This is a health care liability action.[1]  The plaintiffs timely filed suit against the defendant concerning the inadequate care and treatment received by the decedent.  After voluntarily dismissing the initial suit, the plaintiffs provided pre-suit notice before filing a second suit pursuant to the saving statute.  The defendant moved to dismiss, arguing that the saving statute did not apply because there was no identity of parties between the actions. He explained that the second complaint was filed against him in his individual capacity while the initial complaint was lodged against him in his corporate capacity.  The court agreed and held that the second action was barred for failure to file within the applicable statute of limitations.  We reverse.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which KENNY ARMSTRONG, J. and DAVID R. FARMER, SPECIAL JUDGE, joined.

Al H. Thomas and Aaron L. Thomas, Memphis, Tennessee, for the appellant, Myrtle Robinson and Willette Jeffries, as the personal representatives of Fannie Oliver Zinn.

William H. Haltom and Michael Casey Shannon, Memphis, Tennessee, for the appellee, Edward Todd Robbins, M.D.

---

[1] Tennessee Code Annotated section 29-26-101 now defines most cases occurring in a medical context as "health care liability actions."  The statute specifies that such an action "means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability, on which the action is based."  *See* Acts 2011, ch. 510, § 8.  Effective April 23, 2012, the term "health care liability" replaced "medical malpractice" in the Code.  *See* Acts 2012, ch. 798.  The provisions of the revised statute apply to this action.

# OPINION

## I. BACKGROUND

On July 27, 2007, Myrtle Robinson and Willette Jeffries, (collectively "Plaintiffs") filed a pro se complaint against Edward Todd Robbins, M.D. ("Defendant") for the care and treatment received by Fannie Oliver Zinn ("Decedent"). Plaintiffs identified Defendant as "Edward Todd Robbins, MD, PC" but further described him as follows:

> Defendant, Edward Todd Robbins, MD, PC (hereinafter "Dr. Robbins"), upon information and belief, is a doctor licensed by the State of Tennessee to practice medicine and was at various time either an employee, agent, servant and/or independent contractor providing services as a physician at the direction of and on behalf of Baptist to various patients being treated and/or cared for by Summit. Upon information and belief, Dr. Robbins is currently a resident of Shelby County, in the State of Tennessee.

Plaintiffs served a summons upon Defendant, who was identified as "Dr. Edward Todd Robbins."

> Defendant answered the complaint, in pertinent part, as follows:

> Comes now, Dr. E. Todd Robbins, P.C. as the proper party for the above named Edward Todd Robbins, M.D., PC (hereinafter "Dr. Robbins," and "this Defendant") and files this Answer to Plaintiff's Complaint[.]

Plaintiffs later retained counsel, who filed several amended complaints, each of which identified Defendant in the caption as "Edward Todd Robbins, MD, PC."

Plaintiffs later filed a motion to clarify their intent to seek recovery from Defendant as an individual. The court orally denied the motion, finding that Defendant gave notice to Plaintiffs in the first responsive pleading that the complaint had been lodged against him in his corporate capacity. However, the court advised Plaintiffs that it would reconsider its ruling if they provided authority in support of their argument. Plaintiffs voluntarily dismissed the action before the court entered an order dismissing the motion. An order of voluntary dismissal was entered on October 22, 2013.

On October 21, 2014, Plaintiffs filed pre-suit notice of a potential suit against Defendant pursuant to the health care liability statutes. They then filed a complaint on February 18, 2015, with an attached certificate of good faith. This complaint identified

- 2 -

Defendant as "Edward Todd Robbins, M.D." Defendant sought dismissal, arguing (1) that the certificate of good faith was deficient because it did not disclose whether counsel had previously violated the statute[2] and (2) that the complaint was barred by the applicable statute of limitations. Defendant explained that the saving statute did not apply because the initial complaint was lodged against him in his corporate capacity.

Plaintiffs responded by asserting that dismissal was not warranted when there was an identity of parties between the two actions. Citing *Goss v. Hutchins*, 751 S.W.2d 821 (Tenn. 1988), they argued that the identity of the proper party must be determined from the allegations of the complaint. They claimed that they never alleged the existence of a corporate entity in the initial complaint, that the body of the initial complaint clearly identified Defendant in his individual capacity, and that the summons was served upon Defendant in his individual capacity. Plaintiffs explained that there is no corporate entity known as "Edward Todd Robbins, MD, PC" and later submitted an affidavit in which Myrtle Robinson attested as follows:

> 1.     I, Myrtle Robinson, am the person who signed and filed the complaint on July 27, 2007 which received Docket #CT-003842-07.
>
> 2.     When I named "EDWARD TODD ROBBINS, MD, PC" as a defendant in that case, I intended to sue Dr. Edward Todd Robbins personally. I added the letters "PC" to his name because those letters were associated with his name on the internet and it appeared that Dr. Robbins had the title "PC" in addition to his title of "MD". I did not know that "PC" stood for the words "Professional Corporation."

Following a hearing, the court dismissed the action, finding that the parties to the second action were not identical to the parties to the first action. The court further held that the second action was barred for failure to file within the applicable statute of limitations. This appeal followed.

---

[2] During the pendency of this case, the Supreme Court held "that the requirement of Tennessee Code Annotated section 29-26-122(d)(4) that a certificate of good faith disclose the number of prior violations of the statute does not require disclosure of the *absence* of any prior violations of the statute." *Davis v. Ibach*, 465 S.W.3d 570, 574 (Tenn. 2015), *overruling Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 WL 817032 (Tenn. Ct. App. Mar. 5, 2013). Defendant abandoned his claim for dismissal on this ground in light of the Court's decision.

## II.     ISSUES

We consolidate and restate the issues on appeal as follows:

  A.  Whether Plaintiffs have waived review of the issue on appeal.

  B.  Whether the court erred in dismissing the action.

## III.     STANDARD OF REVIEW

"A Rule 12.02(6) motion challenges 'only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.'" *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014) (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). "In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012). "A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Webb*, 346 S.W.3d at 426 (internal quotation and citations omitted). The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness. *Phillips*, 442 S.W.3d at 237.

## IV.     DISCUSSION

### A.

As a threshold issue, Defendant argues that Plaintiffs waived review of whether the court erred in granting the motion to dismiss when the sole issue on appeal is phrased as follows:

> Did the Circuit Court err when it ruled that in the original lawsuit that was filed in 2007, [Plaintiffs] did not sue [Defendant] personally?

Defendant argues that this court does not have subject matter jurisdiction to consider the validity of the court's 2013 ruling. He alternatively argues that Plaintiffs failed to appeal the court's application of the doctrine of laches in granting the motion to dismiss. He notes that the court relied upon the significant passage of time in ultimately deciding to dismiss the re-filed complaint.

Contrary to Defendant's assertion, the trial court did not rely upon the doctrine of laches in dismissing the second complaint. In dismissing the complaint, the court held, in pertinent part, as follows:

> [T]he Court holds that there does not exist an identity of parties that would allow the saving statute to apply. Because the saving statute does not apply to Plaintiffs' instant action, Plaintiffs' Complaint against Dr. Robbins, filed more than eight (8) years after their alleged cause of action accrued, is barred by the statute of limitations applicable to health care liability actions.

> As Plaintiffs' Complaint is barred by the statute of limitations, the Court holds, pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, that the Complaint fails to state a claim for which relief can be granted. Dr. Robbins'[s] Motion to Dismiss is therefore granted, and Plaintiffs' Complaint is hereby dismissed with prejudice.

(Internal citation omitted). Following our review, we conclude that the issue presented by Plaintiffs is sufficient to provide this court with jurisdiction to consider the dismissal of the complaint.

B.

Citing *Goss*, Plaintiffs argue that the court erred in dismissing the second suit when a review of the allegations contained in the initial complaint reveals that Defendant, in his individual capacity, was the proper party. Defendant responds that the court did not err when there is no identity of parties between the two actions. He notes that an individual and a corporate entity are separate and distinct entities.

In *Goss*, the plaintiff improperly identified the defendant as an estate instead of as the personal representative in the initial complaint and in the re-filed complaint. 751 S.W.2d at 822-23. The plaintiff then moved to amend the re-refiled complaint to name the proper party. *Id.* The trial court granted the motion to amend and held that the statute of limitations did not bar the second action pursuant to the saving statute. *Id.* at 823. This court disagreed, upholding the grant of the motion to amend but dismissing the second action as untimely filed because "the parties to the second action were not identical with the parties to the first action." *Id.* Upon review, the Supreme Court also upheld the grant of the motion to amend but held that the parties to each action were identical. *Id.* at 823-25. In so holding, the Court stated, in pertinent part, as follows:

> The rule in Tennessee before the adoption of the Tennessee Rules of Civil Procedure was that the failure to correctly identify a defendant in the

caption was not a fatal defect if the bill itself stated a cause of action against the defendant. The adoption of the Tennessee Rules of Civil Procedure has not changed this rule. Although Rule 10.01 requires the caption of a complaint to name all parties, this is merely a technical requirement. The caption requirement of Rule 10 is merely for identification purposes, and does not control who is a party in the action. The issue of who is a proper party defendant must be determined from the allegations of the complaint.

*Id.* (internal citations omitted). The Court further noted that the proper party was served with a summons in both actions. *Id.* at 825.

The same analysis applies in this case when the allegations within the initial complaint clearly identify Defendant in his individual capacity as the proper party. Defendant was also personally served with a summons in the first action and filed an answer. Other than attempting to identify himself as a corporation by another name, Defendant never raised any issue concerning his identity by motion or specific negative averment. With these considerations in mind, we reverse the dismissal of the complaint and hold that the saving statute applies to the second action, which was timely filed.

## V.    CONCLUSION

The judgment of the trial court is reversed. The case is remanded for further proceedings. Costs of the appeal are taxed to the appellee, Edward Todd Robbins, M.D.

_____
JOHN W. McCLARTY, JUDGE