# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 11, 2018 Session

## JAMES JONES v. RAYMOND M. HARGREAVES

**Appeal from the Circuit Court for Davidson County**
**No. 15C3668       Hamilton V. Gayden, Jr., Judge**

_____

### No. M2017-01271-COA-R3-CV

_____

In this health care liability action, the defendant doctor filed an unopposed motion for summary judgment. After the motion was granted, he filed a motion pursuant to Tennessee Code Annotated section 29-26-122, requesting the court to compel the plaintiff or his counsel to provide the court with a copy of the expert's signed written statement that was relied upon in executing the certificate of good faith that accompanied the complaint. The trial court denied the motion, holding that the matter should have been raised in the Defendant's motion for summary judgment or a motion for discretionary costs. Upon our review of the statute, we do not find a requirement that the request for the expert witness' statement be made in the manner held by the trial court; accordingly, we reverse the judgment of the trial court and remand for further consideration of the defendant's motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

C. Bennett Harrison, Jr. and Eileen M. Forsythe, Nashville, Tennessee, for the appellant, Raymond M. Hargreaves, M.D.

Luvell L. Glanton and G. Wayne Davis, Nashville, Tennessee, for the appellee, James Jones.

# MEMORANDUM OPINION[1]

## I. FACTUAL AND PROCEDURAL HISTORY

Mr. James Jones underwent a laparoscopic cholecystectomy on June 17, 2014, during which he suffered injuries to his portal vein, common hepatic duct, and right and left hepatic ducts. On October 5, 2015, Mr. Jones filed a healthcare liability action against the surgeon, Dr. Raymond Hargreaves, alleging that during the surgical procedure, Dr. Hargreaves breached the standard of care, causing Mr. Jones' injuries. The complaint included a certificate of good faith required by Tennessee Code Annotated section 29-26-122(a), signed by Mr. Jones' counsel.

Dr. Hargreaves answered, denying liability, and subsequently moved for summary judgment on November 18, 2016, with an accompanying statement of undisputed facts, supported by his affidavit; a hearing on the motion was set for January 13, 2017. Mr. Jones did not respond to the motion or file any responses to the statement of undisputed facts. Three days before the hearing, a notice was filed by Dr. Hargreaves' counsel, continuing the hearing to January 27 at the request of Plaintiff's counsel.

On January 13, Mr. Jones' attorneys moved to withdraw and set the motion for hearing on January 27. The court granted the motion to withdraw, ordering Plaintiff to have new counsel enter an appearance or elect to proceed *pro se* within 30 days. No notice of appearance of new counsel for Plaintiff was entered. The trial court subsequently held a hearing on the summary judgment motion and granted it, holding that Dr. Hargreaves had submitted undisputed evidence that he complied with the standard of care and that Mr. Jones failed to produce competent expert testimony, as required by Tennessee Code Annotated section 29-26-115.

Dr. Hargreaves thereafter filed a motion pursuant to section 29-26-122(d)(2)[2] to compel Mr. Jones to produce the expert's signed written statement relied upon in

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Tennessee Code Annotated section 29-26-122(d)(2) reads:

> (2) If a party in a health care liability action subject to this section prevails on the basis of the failure of an opposing party to offer any competent expert testimony as required by § 29-26-115, the court may, upon motion, compel the opposing party or party's counsel to provide to the court a copy of each such expert's signed written statement relied upon in

executing the certificate of good faith filed with the complaint and requesting the court to determine if Mr. Jones' attorneys complied with section 29-26-122 in executing and filing the certificate of good faith. Mr. Jones, proceeding *pro se*, filed no response. His former counsel, Mr. Glanton, filed a response and affidavit, in which he stated that he retained an expert who would testify that Dr. Hargreaves' conduct was a breach of the standard of care and caused the injuries to Mr. Jones and that "Plaintiff's counsel decided not to pursue the case due to the lack of a permanent injury and the expense of pursuing this matter with lack of significant damages."

The trial court held a hearing on the motion; Mr. Jones did not appear, though Mr. Glanton did. The court denied the motion to compel, holding that Dr. Hargreaves "should have raised any issues with the Plaintiff's certificate of good faith in his motion for summary judgment or in a motion for discretionary costs." Dr. Hargreaves appeals, stating the issue for our review as whether "the trial court committed reversible error in denying Dr. Hargreaves' Motion to Compel and for Hearing pursuant to Tennessee Code Annotated section 29-26-122(d)(2)."

## II. ANALYSIS

At issue in this case is the requirement at Tennessee Code Annotated section 29-26-122 that a plaintiff in a health care liability action requiring expert testimony file a certificate of good faith, and specifically, subsection (d), which "creates additional consequences" and "give[s] the court the tools needed to determine whether the certificate of good faith was itself executed in good faith, and to punish the certifying attorney if it was not[.]" *Kerby v. Haws*, No. M2011-01943-COA-R3CV, 2012 WL 6675097, at *4 (Tenn. Ct. App. Dec. 20, 2012). The statute provides a means by which a party who has prevailed on the basis of the plaintiff's failure to provide expert testimony can have the court examine the expert's statement and determine whether the plaintiff or his/her counsel violated the requirements of the statute. If the court determines that the requirements were violated, subsection 29-26-122(d)(3) sets forth a non-inclusive list of sanctions the court may impose.[3]

---

executing the certificate of good faith. The medical experts may be compelled to provide testimony under oath, as determined by the court, for the purposes of determining that party's compliance with subsection (a) or (b).

[3] In *Kerby,* this Court observed:

[S]anctions are authorized only where 'this section has been violated.' The referenced section requires the plaintiff's attorney to certify that (1) he or she has consulted with an expert, (2) the expert has provided a written statement confirming he or she is competent to express an opinion in the case, and (3) the expert's written statement includes the expert's belief, "based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue," that there is a good faith basis to maintain the action consistent with statutory requirements.

3

The trial court interpreted section 29-26-122(d)(2) as requiring Dr. Hargreaves to raise the Plaintiff's compliance with subsections (a) or (b) in his motion for summary judgment or in a motion for discretionary costs. Thus, we review the ruling under the statutory construction standard, i.e., as a "question[] of law which we review de novo, with no presumption of correctness." *Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570, 573 (Tenn. 2015) (citing *Thurmond v. Mid–Cumberland Infectious Disease Consultants, PLC,* 433 S.W.3d 512, 516-17 (Tenn. 2014); *Pratcher v. Methodist Healthcare Memphis Hosps.,* 407 S.W.3d 727, 734 (Tenn. 2013)).

The statute does not require the prevailing party to raise the issue in any certain motion; the only prerequisite is that the party prevail on the basis of the failure of an opposing party to offer any competent expert testimony. There is no prohibition on the defendant deciding to wait until he or she has prevailed on this basis before filing the motion contemplated in the statute. Dr. Hargreaves prevailed on the basis of Mr. Jones' failure to offer competent expert testimony and was thus permitted to petition the court to have the court compel the Plaintiff to produce the signed written statement on which he relied in executing the Certificate of Good Faith so that the court could examine the expert's statement to determine Mr. Jones' compliance with section 29-26-122. The trial court erred in its interpretation and application of the statute and read a requirement into the statute that does not exist.

## III. CONCLUSION

For the foregoing reasons, we reverse the decision of the trial court and remand the case for further proceedings in accordance with this opinion.

RICHARD H. DINKINS, JUDGE

2012 WL 6675097, at *5.

4