IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 21, 2018 Session

JENNIFER PARKS V. REBECCA A. WALKER, M.D. ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-278-16        Kristi Davis, Judge**

_____

**No. E2017-01603-COA-R3-CV**
_____

This is a health care liability action. Plaintiff gave written pre-suit notice of her claim to potential defendants. *See* Tenn. Code Ann. § 29-26-121(c) (2018). She then filed her complaint. Defendants filed motions to dismiss. After a hearing, the trial court held that plaintiff failed to substantially comply with the requirements of the notice statute by failing to provide a HIPAA-compliant medical authorization, pursuant to Tenn. Code Ann. § 29-26-121(a)(2)(E). It entered an order granting defendants' motions to dismiss. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, J., joined. D. MICHAEL SWINEY, C.J., filed a dissenting opinion.

Eric B. Foust, Dan Channing Stanley, and F. Clinton Little, Knoxville, Tennessee, for the appellant, Jennifer Parks.

Heidi A. Barcus, Knoxville, Tennessee, for the appellees, Rebecca A. Walker, M.D. and Parkwest Women's Specialists, PLLC.

Broderick L. Young and F. Michael Fitzpatrick, Knoxville, Tennessee, for the appellees, Covenant Health and Parkwest Medical Center.

**OPINION**

**I.**

On February 19, 2015, plaintiff had a robotic-assisted hysterectomy. She subsequently suffered complications causing her pain and injury. On February 19, 2016, plaintiff provided pre-suit notice of her potential claim to defendants. *See* Tenn. Code

Ann. § 29-26-121. On June 17, 2016, plaintiff filed her complaint. On July 15, 2016, defendants Parkwest Medical Center and Covenant Health filed their joint motion to dismiss. On July 20, 2016, defendants Rebecca A. Walker, M.D. and Parkwest Women's Specialists, PLLC filed their own joint motion to dismiss. Defendants advance similar arguments in their respective motions.

45 C.F.R. § 164.508(b)(2)(ii) states that an authorization is invalid if it "has not been filled out completely, with respect to an element described in paragraph (c) of this section;" paragraph (c) refers to the core elements required for a valid authorization enumerated in 45 C.F.R. § 164.508(c)(1). Defendants argue that the medical authorizations provided by plaintiff are invalid, because they fail to include a core element. Defendants specifically point to plaintiff's failure to meet 45 C.F.R. § 164.508(c)(1)(iv), which requires that the authorization include:

> A description of each purpose of the requested use or disclosure. The statement 'at the request of the individual' is a sufficient description of the purpose when an individual initiates the authorization and does not, or elects not to, provide a statement of the purpose.

45 C.F.R. § 164.508(c)(1)(iv). The authorization plaintiff provided to defendants included the following section: [1]

Name: MR# _____ Encounter# _____ Date: _____

For the purpose of: _____

As shown above, the portion labeled "for the purpose of" was left blank when provided to defendants. Defendants contend that, by leaving this section blank, plaintiff provided defendants with an authorization that was not filled out completely with respect to a core element, thus rendering the authorization non-HIPAA compliant. *See* 45 C.F.R. § 164.508(c)(1)(iv).

Defendants also argue that the medical authorizations attached to the first pre-suit notice did not comply with Tenn. Code Ann. § 29-26-121, because they were not HIPAA-compliant medical authorizations "permitting the provider receiving the notice to *obtain* complete medical records from each other." *See* Tenn. Code Ann. § 29-26-121(a)(2)(E) (emphasis added). The authorizations provided to defendants only authorizes them "to release, use or disclose" plaintiff's health records to the other

_____

[1] Actual image of blank section on plaintiff's pre-suit notice HIPAA authorization.

providers listed in the authorization. Defendants argue that plaintiff has therefore failed to provide them with authorizations permitting defendants to "obtain" plaintiff's medical records. *See* Tenn. Code Ann. § 29-26-121(a)(2)(E).

On September 23, 2016, a hearing was held on defendants' motions to dismiss. On July 13, 2017, the trial court entered an order granting the motions to dismiss. The trial court held that

> [t]he failure to set forth the purpose of the authorization, combined with the authorization's failure to allow a provider to obtain records from another provider, demonstrates a lack of substantial compliance with the statutory requirements and that the defendants have been prejudiced as a result.

Plaintiff appeals arguing that the trial court erred in granting defendants' motions to dismiss.

## II.

The defendants have properly employed a Tenn. R. Civ. P. 12.02 motion challenging the plaintiff's compliance with Tenn. Code Ann. § 29-26-121. *Myers v. AMISUB (SFH), Inc.* 382 S.W.3d 300, 307 (Tenn. 2012). As *Myers* noted,

> [t]he proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance…

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012).

The issues before us pertain to matters of law. A health care liability plaintiff's pre-suit notice shall include "[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Tenn. Code Ann. § 29–26–121(a)(2)(E). The specific purpose of subsection (a)(2)(E) is not to provide defendants with notice of a potential claim; rather, as the Supreme Court noted in *Stevens ex rel. Stevens v. Hickman Community Health Care Services, Inc.*, 418 S.W.3d 547 (Tenn. 2013), the subsection "serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." *Stevens*, 418 S.W.3d at 555. "Because HIPAA itself prohibits medical providers from using or disclosing a plaintiff's medical records without a fully compliant authorization form, it is a threshold requirement of the statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." *Id.* (citing 45 C.F.R. § 164.508(a)(1)).

### III.

Plaintiff argues, in her response to defendants' motions to dismiss, that the deficiencies in her authorizations are "merely…hyper technicali[ties]" advanced by defendants in order "to avoid civil responsibility for [p]laintiff's injuries based on a purely procedural issue." While the Supreme Court has held that "[a] plaintiff's less-than-perfect compliance with Tenn. Code Ann. § 29–26–121(a)(2)(E)...should not derail a healthcare liability claim," it concluded that a plaintiff must still substantially comply with the requirements of Tenn. Code Ann. § 29–26–121(a)(2)(E). *Stevens*, 418 S.W.3d at 555. In determining whether a plaintiff has substantially complied with the statute, "a reviewing court should consider the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance." *Id.* at 556.

"Defective authorizations" are defined in 45 C.F.R. § 164.508(b)(2). An authorization is not valid if, among other things, it "has not been filled out completely, with respect to an element described by paragraph (c) of this section." *See* 45 C.F.R. § 164.508(b)(2). A "description of each purpose of the requested use or disclosure" is a core element. *See* 45 C.F.R. § 164.508(c)(iv). As noted above in this opinion, plaintiff's authorization was not complete, and it did not include a description of the purpose of the requested use or disclosure, as required. Therefore, we affirm the trial court's holding that the omission of a core element constituted a lack of substantial compliance with the statutory requirements.

Next, as noted above, the authorization sent to each defendant authorizes them to "release, use or disclose" the health records of plaintiff to the other named providers. The authorization then lists the providers to whom the entity is authorized to release the

records. Plaintiff alleges that this language is sufficient to allow any one of the named parties to request plaintiff's medical records from any of the other listed parties and to obtain the medical records. The trial court disagreed holding that "the plain language of the form does not allow this." The trial court stated that

> [i]t only allows [doctor] to release, use, or disclose medical records. Thus, if Dr. Walker sends this form to another provider and asks that provider to send the plaintiff's medical records, the form simply does not provide authorization for them to do so. The plaintiff's response is that each provider can look at the list of providers and should know that each of them also received their own authorization form allowing them to release, use or disclose the material information. However, this is not what the law requires. In order to be effective, the authorization form must allow a medical provider to obtain records from the other providers.

We affirm the trial court's holding that plaintiff's authorization is not sufficient to enable defendants to obtain plaintiff's medical records.

Lastly, plaintiff argues that defendants were obligated to inform plaintiff of any omissions or to at least attempt to utilize the flawed authorization before alleging they were prejudiced by the deficiencies. We disagree. As noted above, the proper means to challenge plaintiff's compliance with Tenn. Code Ann. § 29-26-121 is through a Tenn. R. Civ. P. 12.02 motion. This Court has previously rejected the argument that the onus should be placed on defendants to test the sufficiency of the authorization, or even to complete an inadequate authorization. *See, e.g.*, **Roberts v. Prill**, 2014 WL 2921930, at *6. Furthermore, our Court noted in **J.A.C.**:

> Several Tennessee decisions have rejected the proposition that a health care liability defendant has a duty to assist a plaintiff achieve compliance or to test whether an obviously deficient HIPAA form would allow the release of records. *See, e.g.*, **Stevens**, 418 S.W.3d at 559 ("Plaintiff—not Defendants—was responsible for complying with the requirements of Tenn. Code Ann. § 29–26–121(a)(2)(E)."); **Dolman v. Donovan**, No. W2015-00392-COA-R3-CV, 2015 WL 9315565, at *5 (Tenn. Ct. App. Dec. 23, 2015) (rejecting the plaintiffs' argument that the medical providers could not have been prejudiced because they never attempted to obtain medical records with the deficient medical authorization provided), *perm. app. denied* (Tenn. May 6, 2016). Similarly, our courts have rejected the notion that a health care liability

-5-

defendant needs to inform a plaintiff that the provided authorization form is deficient before filing a motion to dismiss. ***Stevens***, 418 S.W.3d at 559; ***Vaughn v. Mountain States Health Alliance***, No. E2012-01042-COA-R3-CV, 2013 WL 817032, at *4 (Tenn. Ct. App. Mar. 5, 2013) (rejecting the argument that the defendants should have contacted plaintiff's counsel prior to an action being filed against them in order to inform plaintiff's counsel that the requirements of Tennessee Code Annotated section 29–26–121 had not been met), *overruled on other grounds by **Davis v. Ibach***, 465 S.W.3d 570 (Tenn. 2015).

***J.A.C.***, 542 S.W.3d at 514–15. As this Court has recently reiterated

> [d]efendants are not required to attempt to use a medical authorization to gather patient medical records, if the defendant believes the authorizations to be defective. It therefore follows that a defendant's claim of prejudice is not waived by failing to attempt to use or otherwise 'test' an allegedly defective authorization.

***Roberts v. Wellmont Health Sys.,*** No. E201700845COAR9CV, 2018 WL 3302178, at *6 (Tenn. Ct. App. July 5, 2018). Accordingly, we follow our precedent in holding that plaintiff's argument that defendants cannot claim prejudice, because they did not attempt to obtain the records with the provided authorizations and receive a corresponding denial, fails.

In sum, forms that are markedly inadequate do not actually authorize or facilitate any disclosure. *See, e.g.*, ***J.A.C. by & through Carter v. Methodist Healthcare Memphis Hosps.***, 542 S.W.3d 502, 513 (Tenn. Ct. App. 2016), appeal denied (Mar. 9, 2017); ***Roberts v. Prill***, No. E2013-02202-COA-R3CV, 2014 WL 2921930, at *5 (Tenn. Ct. App. June 26, 2014). We hold that the medical authorizations in this case do not substantially comply with the provisions of Tenn. Code Ann. § 29–26–121. Accordingly, we affirm.

## IV.

We affirm the judgment of the trial court granting defendants' motions to dismiss. This case is remanded to the trial court for collection of costs assessed below. Costs on appeal are taxed to the appellant, Jennifer Parks.


_____
CHARLES D. SUSANO, JR., JUDGE