IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 3, 2022 Session

## WILLIAM B. STINSON v. VEST FAMILY LIMITED PARTNERSHIP ET AL.

**Appeal from the Chancery Court for Maury County**
**No. 19-257    Joseph A. Woodruff, Judge**

_____

**No. M2021-00151-COA-R3-CV**

_____

The plaintiff in this action filed a petition for declaratory judgment to quiet title to his farm in Maury County, Tennessee. In his petition, the plaintiff asked for all relief necessary to quiet title, including a declaration on the boundaries of his farm and a declaration on his rights to the disputed property. In their answer, the defendants asserted adverse possession under Tennessee Code Annotated §§ 28-2-102 and -103. The plaintiff later nonsuited one of his claims and, during the hearing on his motion for summary judgment, stated that he was seeking only a declaration on where the boundaries of his farm were "on the face of the earth." Finding that matters related to possession of the property were not at issue, the trial court granted summary judgment to the plaintiff and declared the location of his "legal boundary." The court then denied the defendants' Motion for Relief from Judgment under Tennessee Rules of Civil Procedure 52.02, 58, 59.04, 60.01, and 60.02. On appeal, the defendants contend, *inter alia*, that the trial court's order was not final because it did not adjudicate the parties' respective rights to possess the area in dispute. We agree. Because the purported final judgment does not resolve all of the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and ARNOLD B. GOLDIN, JJ., joined.

Ryan Perry Durham, William Wyatt Boston, George Benson Boston, Cameron Ross Hoffmeyer, and Charles William Holt, Jr., Lawrenceburg, Tennessee, for the appellants, Vest Family Limited Partnership and Vest Management, Inc.

Richard McCallister Smith and Charles Benard Griffith, Nashville, Tennessee, for the appellee, William B. Stinson.

## OPINION

### FACTS AND PROCEDURAL HISTORY

In 1984, William B. Stinson ("Plaintiff") purchased property on North Cross Bridges Road in Maury County, Tennessee ("the Stinson Farm"). In 2003, Ruskin Vest, Jr. bought a farm ("the Vest Farm") that borders the Stinson Farm to the north, south, and west. Mr. Vest later conveyed the Vest Farm to the Vest Family Limited Partnership, of which Vest Management, Inc., is the general partner ("collectively, Defendants").

Until 2015, both Plaintiff and Defendants believed that the northern boundary between their farms was demarcated in part by a large, wooded ditch that runs east to west. This belief was brought into question in November 2015, when Plaintiff had a survey completed that showed the Stinson Farm extended north of the ditch in some areas ("the Adkins Survey"). Relying on the Adkins Survey, Plaintiff began to "bush-hog" or clear land north of the ditch. Defendants, however, maintained that the ditch was the boundary, and they sent Plaintiff a letter telling him to stop clearing the area. Because of the disagreement, the Maury County Tax Assessor classified as "disputed" the land between the boundaries shown on the tax map and the Adkins Survey ("the Disputed Area").

To resolve the matter, Plaintiff commenced this action in May 2019 by filing a Verified Petition for Declaratory Judgment to Adjudicate Boundary Disputes and to Quiet Title. Plaintiff alleged that he had "occupied, improved, possessed, and managed all areas of the Stinson Farm, including the Disputed Areas and all other areas," and asserted that Defendants' claims clouded and slandered his title. Plaintiff asked the trial court to, *inter alia*, provide the following relief:

   i. That the Court hand down a Decree which resolves all disputed boundaries and clearly declares the true and correct legal boundaries of the [Plaintiff]'s farm in Maury County, Tennessee, in conformity with the 2015 Adkins Survey attached hereto;

   ii. That the Decree memorialize and declare [Plaintiff]'s fee interest in and to such property as described;

   iii. That the Court hand down and grant to [Plaintiff] any and all other relief which may be necessary or appropriate to quiet title to his property[.]

In their Answer, Defendants denied that the Adkins Survey showed the true and correct boundary between the farms. They also denied that Plaintiff had "occupied, improved, possessed, and managed" all of the Disputed Area. Defendants also asserted several affirmative defenses, including adverse possession under Tennessee Code Annotated §§ 28-2-102 and -103.

Defendants then hired surveyor Keith Brotherton to plot out the boundaries of the Vest Farm using the description in their deed. But the resulting survey ("the Brotherton Survey") confirmed the Adkins Survey in all material respects. Like the Adkins Survey, the Brotherton Survey showed that the Stinson Farm extended north of the ditch in several areas. In his deposition, Mr. Brotherton explained that the boundary shown on the Maury County Tax Assessor's map was based on several erroneous "calls" in the Vest Farm's deed. These calls were added to the Vest Farm's legal description in 1952, but Mr. Brotherton concluded that the additions were a mistake because the calls were not supported by any evidence that would typically accompany such a change. Moreover, Mr. Brotherton explained that he could not complete a survey using the 1952 calls because they created a gap in the boundary for the Vest Farm, i.e., the calls made it impossible to "close" the property. As a result, Mr. Brotherton relied on an older deed in the Vest Farm's chain of title. That deed described the same northern boundary that was shown in the Adkins Survey.

Thus, in September 2020, Plaintiff moved for summary judgment and asked the trial court to declare the boundary lines called for in his deed as found in the surveys. Defendants opposed the Motion, asserting that there were still several disputed issues of fact on the parties' rights to use and possess the Disputed Area, particularly the land north of the ditch. Defendants contended, *inter alia*, that they and their predecessors in title had occupied, possessed, and managed all land north of the ditch since at least 2002.

A few days before the hearing on his Motion for Summary Judgment, Plaintiff filed a Notice of Partial Voluntary Dismissal "dismissing his Slander of Title claim." At the hearing, Plaintiff clarified that he intended to dismiss all claims except for "the declaratory judgment action." He explained that he simply wanted a declaratory judgment on where the boundaries described in his deed "exist on the face of the earth." Thus, he asserted that any issues of fact on the use and possession of the Disputed Area were immaterial.

The trial court agreed with Plaintiff and granted his Motion for Summary Judgment. In its Memorandum and Order, the court found no dispute of material fact surrounding the surveys. It therefore declared that "[t]he location of the legal boundaries of the Stinson Farm (as described in [Plaintiff]'s May 22, 1984 warranty deed) on the face of the Earth are those locations described in the November 20, 2015 Adkins Survey." But the court clarified that it was not ruling on "the parties' possessory interests in and rights to possess the disputed property." The court then ordered the parties to attend mediation "to resolve any remaining dispute as to possession of the property" while designating its order as a final order pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.

The trial court filed its Memorandum and Order on November 4, 2020, along with a Clerk's Certificate of Service that stated a copy was sent to the parties. However, for unknown reasons, neither party received a copy of the order until December 9, 2020.

Meanwhile, Defendants—not realizing that an order had been entered—filed a Counterclaim and Motion for Temporary Restraining Order and/or Temporary Injunction. Defendants alleged that Plaintiff had erected a fence and posted no-trespassing signs around the Disputed Area, and they asserted claims of common-law and statutory adverse possession. After learning about the November 4, 2020 Memorandum and Order, Defendants filed a Motion for Relief from Judgment under Tennessee Rules of Civil Procedure 52.02, 58, 59.04, 60.01, and 60.02. Defendants asserted, *inter alia*, that the Memorandum and Order was not final because it did not resolve all issues between the parties.

After a hearing, the trial court found it lacked jurisdiction to consider the Counterclaim because the case was fully adjudicated on November 4, 2020. The court also denied the Motion for Relief, reasoning that the Memorandum and Order complied with Rule 58 and therefore Defendants' Motion for Relief was untimely under Rules 52.02 and 59.04. The court also denied relief under Rules 60.01 and 60.02, finding no evidence of clerical error, mistake, inadvertence, or excusable neglect.

This appeal followed.

## ANALYSIS

Defendants raise several issues relating to the trial court's decision to grant Plaintiff's Motion for Summary Judgment and its decision to deny Defendants' Motion for Relief.[1] After a careful review of the record, however, we find that the dispositive issue in

---

[1] Defendants raise six issues on appeal:

1. Whether the trial court erred in granting summary judgment to Plaintiff despite the existence of genuine issues of material facts, particularly where the trial court determined that the facts produced by Defendants and Plaintiff at the summary judgment stage properly disputed the issue of possessory rights.

2. Whether the trial court erred in determining that the action pending before it was limited in nature by not reaching the question of the parties' possessory interests in the disputed property and, therefore, expressly making no ruling on the parties' possessory interests in and rights to possess the disputed property.

3. Whether the trial court erred in not considering matters other than surveys in its determination of what the trial court terms "title ownership."

4. Whether the trial court erred in determining that adverse possession of the disputed property did not operate as a defensive bar to the petitioner and appellee's declaratory judgment action.

this appeal is whether the trial court's November 4, 2020 Memorandum and Order was a final judgment for purposes of Tennessee Rule of Appellate Procedure 3. Defendants contend it was not final because the Memorandum and Order failed to address the parties' possessory interests in the Disputed Area. We agree.

Generally, "appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable[.]" Tenn. R. App. P. 3(a). "To analyze whether an order operates as a final judgment, we must examine the parties' claims and the manner in which the trial court adjudicated those claims." *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

In his Verified Petition for Declaratory Judgment to Adjudicate Boundary Disputes and to Quiet Title, Plaintiff asked for all relief necessary to quiet title, including (1) a declaration as to "the true and correct legal boundaries of the Petitioner's farm" and (2) a declaration of his "fee interest in and to such property as described." Plaintiff later filed a Notice of Partial Voluntary Dismissal on his "Slander of Title claim" while reserving "any other cause of action or claim for relief, asserted by Petitioner and currently pending."[2]

---

5. Whether the trial court erred in denying Defendants' motion for relief from the trial court's summary judgement order and/or to alter or amend that order despite clerical mistake, inadvertence, and/or excusable neglect that resulted in neither the parties nor the attorneys receiving or knowing of the trial court's order granting summary judgment until more than thirty (30) days after it was stamped filed.

6. Whether the trial court erred in denying Defendants' motion for relief from the trial court's summary judgment and/or to alter or amend that order where the trial court certified its order as final, but that order did not resolve all issues before the trial court.

[2] The Notice of Partial Voluntary Dismissal stated:

COMES NOW, the Petitioner, WILLIAM B. STINSON, who by and through undersigned counsel, gives NOTICE that he is voluntarily dismissing his Slander of Title claim for relief against both Respondents, as set forth in his Petition and Amended Petition.

Neither this Notice, nor the voluntary dismissal noticed herein, shall pertain to or affect any other cause of action or claim for relief, asserted by Petitioner and currently pending, including without limitation, Petitioner's claims and prayers for declaratory relief, regarding his boundary lines.

Defendants did not assert any counterclaims in their Answer, but they contended that Plaintiff's claims were barred by the limitation periods in Tennessee Code Annotated §§ 28-2-102 and -103. Section 28-2-102 bars actions to enforce any "benefit" of title when the defendant has possessed the property under assurance of title for seven years[3]:

> Any person, and those claiming under such person neglecting for the term of seven (7) years to avail themselves of the benefit of any title, legal or equitable, by action at law or in equity, effectually prosecuted against the person in possession, under recorded assurance of title, as in § 28-2-101, are forever barred.

Section 28-2-103 bars actions "for the recovery of any lands" after seven years, whether or not the possessor has assurance of title—but it applies only to property that an adverse holder actually possesses:

> (a) No person or anyone claiming under such person shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued.

> (b) No possession of lands, tenements or hereditaments shall be deemed to extend beyond the actual possession of an adverse holder until the muniment of title, if any, under which such adverse holder claims such lands, tenements or hereditaments is duly recorded in the county in which the lands are located.

In other words, §§ 28-2-102 and -103 are "statutory forms of adverse possession" that "may be utilized by the adverse holder only in the defense of a suit." *Cumulus Broad., Inc.*, 226 S.W.3d at 376. "[S]ection 28-2-102 provides a defense when there is assurance of title and seven years possession" and "serves as protection as to the entire boundary as described." *Id.* Section 28-2-103, on the other hand, "does not involve color of title" and "protects an adverse holder after a period of seven years but only as to that portion of the land in his actual possession." *Id.*

At the hearing on Plaintiff's Motion for Summary Judgment, Plaintiff's counsel contended that the Notice of Voluntary Nonsuit was intended "to dismiss everything"

---

[3] "Assurance of title" and "color of title" are used interchangeably. *Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 376 (Tenn. 2007). "'Color of title' is something in writing which at face value, professes to pass title but which does not do it, either for want of title in the person making it or from the defective mode of the conveyance that is used." *Id.* at 376 n.3 (quoting 10 *Thompson on Real Property* § 87.12, at 145 (David A. Thomas ed., 1994)).

except for "the declaratory judgment action." When the trial court asked what exactly Plaintiff wanted the court to declare, Plaintiff's counsel stated as follows:

> We want declaratory judgment from the Court setting on the face of where the legal description, metes and bounds legal description, exists on the surface of the earth. . . .

> And in that respect, Your Honor, this is what I call a pure boundary dispute. This is asking for the Court to interpret that legal instrument, which is our deed—and specifically the legal description—where do these boundaries exist on the face of the earth?

For that reason, Plaintiff argued that the defenses in §§ 28-2-102 and -103 were inapplicable:

> My client's asking for a declaration of his rights. Those statutes are defensive adverse possession. . . . The use of this defensive statutory adverse possession only bars a claim or a cause of action for possession, which we are not making. This is not an action for ejectment, this is not an action for detainer—unlawful detainer or possession. We are not saying, "You built [a] fence in our yard. Please remove it. Take your stuff and go."

> Those statutes only bar possessory actions. We are not making a possessory action. We're asking for a declaratory judgment, and that's it.

Based on these representations, the trial court found that the intent of the Notice of Partial Voluntary Dismissal "was to reserve only [Plaintiff]'s claim for declaratory relief." Thus, the court stated that it was deciding only "the narrow question of where the legal boundaries of the Stinson Farm lie on the face of the Earth." The court also agreed that the statutory defenses in §§ 28-2-102 and -103 were inapplicable:

> Here, Respondents argue that [Defendant]'s possible adverse possession of the disputed property north of the ditch should operate as a defensive bar to [Plaintiff]'s declaratory judgment action. The Court respectfully disagrees. The relief requested by [Plaintiff] is limited to a declaration of the location of the Stinson Farm's legal boundary lines on the face of the Earth, relating only to [Plaintiff]'s title ownership. Neither party has petitioned the Court for any relief related to the parties' respective possessory interests, whatever they may be. Because the issue before the Court is limited only to title ownership of the disputed property, and not to any right of possession of that property, the Court finds as a matter of law that the defensive bars codified at Tenn. Code Ann. §§ 28-2-102 and 103 do not apply to bar [Plaintiff]'s pending declaratory judgment action.

We respectfully disagree that the issues before the trial court did not involve the parties' possessory rights. Plaintiff asked the court to quiet title to his property by (1) declaring the location of his property boundaries as described in the deed and (2) declaring his "fee interest in and to such property." Although Plaintiff later nonsuited his "Slander of Title claim," he never expressly nonsuited his claim to quiet title. Plaintiff recast his case as a "pure boundary dispute," but he continued to ask for "a declaration of his rights."

Generally, "[i]n a quiet title action, the plaintiff asks the court to declare that he or she has good title to the property in question and compels any adverse claimant to prove a competing ownership claim or forever be barred from asserting it." 65 Am. Jur. 2d *Quieting Title* § 1 (Feb. 2022 Update). Thus, "[t]he purpose of a quiet title action is to finally settle and determine, as between the parties, all conflicting claims to the property in the controversy, and to decree to each party such interest or estate therein as he or she may be entitled to." *Id.*

As used in this context, a "fee" is "[a] heritable interest in land," especially "a fee simple absolute." *Fee*, Black's Law Dictionary (11th ed. 2019). "Ownership of the fee simple interest is equivalent to ownership of the complete 'bundle of sticks' of property rights that can be privately owned." 63C Am. Jur. 2d *Property* § 31 (Feb. 2022 Update) (footnotes omitted). This "bundle" of property rights includes "(1) the right of possession, enjoyment and use; (2) the unrestricted right of disposition; and (3) the power of testimonial disposition." *State ex rel. Elvis Presley Int'l Mem'l Found. v. Crowell*, 733 S.W.2d 89, 96 (Tenn. Ct. App. 1987) (citations omitted); *see also* 1 Tiffany Real Prop. § 2 (3d ed.) (Sept. 2021 Update) ("While it is usual to speak of the 'ownership of land,' what one owns is properly not the land, but rather the rights of possession and approximately unlimited use, present or future."). Relatedly, "title" to property is "[t]he union of all elements (as ownership, possession, and custody) constituting the legal right to control and dispose of property." *Title*, Black's Law Dictionary (11th ed. 2019).

The November 4, 2020 Memorandum and Order purported to resolve the case by declaring the "legal boundaries" of the Stinson Farm. At the same time, the Memorandum and Order expressly stated that it was not a "ruling with respect to the parties' possessory interests in and rights to possess the disputed property." We find these concepts cannot be so clearly separated here as to allow a declaration on one without affecting the other. To resolve Plaintiff's claims, it was necessary for the court to address the parties' possessory rights to the Disputed Area.

On appeal, Plaintiff maintains that the issue of possessory rights was not before the trial court, relying on the fact that Plaintiff "explained explicitly during the Motion for Summary Judgment hearing that he was only asking the court to interpret [Plaintiff]'s deed and declare the locations of the boundary lines called for in said deed." Plaintiff argues that Defendants should have filed a counterclaim if they wished to litigate issues of possession. Plaintiff also contends that any claims related to possession are now forever barred under Tennessee Rule of Civil Procedure 13.01.

- 8 -

Generally, "[t]he plaintiff, unlike a defendant or cross-plaintiff brought into a case by another party, is the master of his or her complaint." *Chimneyhill Condo. Ass'n v. Chow*, No. W2020-00873-COA-R3-CV, 2021 WL 3047166, at *13 (Tenn. Ct. App. July 20, 2021) (citations omitted). Consistent with this principle, Tennessee Rule of Civil Procedure 41 "grants a plaintiff an absolute right to voluntarily dismiss an action." *Hurley v. Pickens*, 536 S.W.3d 419, 422 (Tenn. Ct. App. 2016) (quoting *Robles v. Vanderbilt Univ. Med. Cntr.*, M2010-01771-COA-R3-CV, 2011 WL 1532069, at *2 (Tenn. Ct. App. April 19, 2011)). This rule, however, does not give the plaintiff an absolute right to nonsuit only a part of an action. *See Justice v. Craftique Constr., Inc.*, No. E2019-00884-COA-R3-CV, 2021 WL 142146, at *2 (Tenn. Ct. App. Jan. 15, 2021). Under these circumstances, Plaintiff cannot avoid a declaration on his rights to possess the property while at the same time seeking a declaration of his "legal boundaries" and "title ownership."

Moreover, the purported final judgment also indicates that issues related to "possession of the property" remain unresolved. Specifically, the purported final judgment reads:

> IT IS FURTHER ORDERED THAT: Within thirty (30) days of entry of this Memorandum and Order, the parties shall meet and confer for the purpose of scheduling mediation. The parties shall attend mediation in a good faith effort to resolve any remaining dispute as to possession of the property. If the parties are unable to select a mediator by agreement, the Court will appoint one. Either party may petition the Court, by written motion, to appoint a neutral mediator.

For these reasons, we find the trial court's November 4, 2020 Memorandum and Order was not a final judgment because it did not resolve all the issues in the case. *See In re Est. of Henderson*, 121 S.W.3d at 645.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. *See* Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Est. of Henderson*, 121 S.W.3d at 645 (quoting *State ex rel. McAllister*, 968 S.W.2d at 840). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Est. of Henderson*, 121 S.W.3d at 645. The purported final judgment does not dispose of all the claims between the parties. Therefore, we are without jurisdiction to consider the other issues raised by Defendants in this appeal. *See* Tenn. R. App. P. 3(a) ("[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable[.]").

## In Conclusion

Based on the foregoing, this appeal is dismissed, and the matter is remanded for further proceedings. Costs of this appeal are assessed equally: one-half against the appellants, Vest Family Limited Partnership and Vest Management, Inc.; and one-half against the appellee, William B. Stinson.

_____
FRANK G. CLEMENT JR., P.J., M.S.